Zhan v. Holder

BIA
A079 453 032

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand thirteen.

PRESENT:
>
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

JIN XIA ZHAN, AKA JINXIA ZHAN,
>
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>
> *Respondent*.

_____

12-17
NAC

FOR PETITIONER:      Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Xia Zhan, a native and citizen of the People's Republic of China, seeks review of a December 8, 2011 order of the BIA denying her motion to reopen her removal proceedings. *In re Jin Xia Zhan*, No. A079 453 032 (B.I.A. Dec. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Zhan's 2011 motion to reopen as untimely, as it was filed over five years after Zhan's 2005 final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time and numerical limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Zhan did not demonstrate a material change. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the

2

BIA's factual findings regarding changed country conditions under the substantial evidence standard).

As an initial matter, the record does not support Zhan's contention that the BIA did not sufficiently consider all of her evidence, as the BIA explicitly addressed country conditions at the time of her hearing as well as the evidence she presented to show recent changes.

As the BIA found, Zhan's conversion to Christianity in the United States is a change in her personal circumstances, not a material change in country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006). Additionally, substantial evidence supports the BIA's conclusion that Zhan's evidence displayed a "continuation" rather than a material change of conditions for Christians in Fujian Province. As the BIA noted, the 1998 Country Profile prepared by the Bureau of Democracy, Human Rights and Labor of the United States Department of State reports that prior to Zhan's merits hearing, there were police raids, detentions, and disappearances of Christian leaders in China and repression of congregations in Fujian Province. A 2009 China Aid Association Annual Report suggests that those conditions remained unchanged, since it does not

3

include Fujian Province in its list of localities that experienced an increase or decrease in persecution. *See Matter of S-Y-G-*, 24 I. & N. Dec 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").[1]

Contrary to Zhan's contention, the BIA did not abuse its discretion by giving "minimal weight" to the letter Zhan submitted from a friend, which described the friend's 2010 arrest in Fujian Province for attending a house church. Since Zhan had been found not credible in the underlying proceedings, the BIA had no obligation to ascribe further credit to the letter, which in any event concerned allegations of only a single instance of interference with worship. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006)*; see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148 (2d Cir. 2007) (holding that the

---

[1] Our review is limited to the record before the agency. *See* 8 U.S.C. § 1252(b)(4)(A). In the circumstances presented here, we decline Zhan's request to take judicial notice of the 2002 State Department Country Report.

BIA did not abuse its discretion in declining to credit documents submitted with a motion to reopen where alien had been found not credible in the underlying asylum hearing). Accordingly, we find no error in the BIA's conclusion that Zhan failed to demonstrate materially changed country conditions that would excuse the untimely filing of her motion.  *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk