Lin v. Holder

BIA
A077 354 650

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

MEI YUN LIN,
> *Petitioner,*

> v.                                          12-2674
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, N.Y.

FOR RESPONDENT:        Matthew A. Spurlock and Daniel E.
                       Goldman (Stuart F. Delery and
                       William C. Peachey, *on the brief*)
                       Office of Immigration Litigation,
                       Civil Division, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mei Yun Lin, a native and citizen of the People's Republic of China, seeks review of a June 27, 2012, decision of the BIA denying her motion to reopen. *In re Mei Yun Lin*, No. A077 354 650 (B.I.A. June 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find no abuse of discretion in this case.

There is no dispute that Lin's 2011 motion to reopen was untimely because her administrative removal order became final in 2003. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent Lin contends that the time limitation does not apply because her motion is "based on changed circumstances arising in" China, 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), her arguments are unpersuasive.

Initially, the basis of Lin's motion to reopen – her renewed claim for asylum based on her conversion to Christianity in the United States – was a change in personal circumstances arising in the United States, not a change of conditions arising in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (providing that the 90-day time limitation circumscribes eligibility for relief unless the motion is based on a change in the country to which removal has been ordered); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Alternatively, the BIA did not abuse its discretion in denying Lin's motion to reopen based on her failure to demonstrate *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Initially, the BIA was permitted to afford minimal weight to Lin's personal statement based on the agency's uncontested prior adverse credibility determination. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Moreover, Lin's evidence showing isolated incidents of mistreatment to some Christians in China is insufficient to demonstrate that her fear of returning to China is well-founded. Given that she has only

3

cited a single incident of mistreatment of Christians in that province, she has not established that the harm she fears rises to the level of persecution in her locality. *Xiao Jun Liang v. Holder*, 626 F.3d 398, 987 (2d Cir. 2010); *see also Jin Xia Zhan v. Holder*, 515 F. App'x 2, 3 (2nd Cir. Mar. 20, 2013); *In re S-Y-G*, 24 I.& N. Dec. 247, 251 (B.I.A. Aug. 2, 2007), nor has she established that authorities in China "are aware of . . . or likely become aware of [her] activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008) (per curiam). Accordingly, Lin's contention that the BIA erred in finding that she failed to demonstrate her *prima facie* eligibility for asylum based on her subjective fear of returning to Fujian Province lacks merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk